IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 2, 2004 Session

## STATE OF TENNESSEE v. LATISHA LEE MORGAN

**Direct Appeal from the Circuit Court for Lauderdale County**
**No. 7412     Joseph H. Walker, III, Judge**

_____

**No. W2003-02174-CCA-R3-CD  - Filed July 9, 2004**

_____

The Defendant, Latisha Lee Morgan, pled guilty to assault, a Class A misdemeanor. Pursuant to the plea agreement, sentencing was left to the trial judge. After a hearing, the trial judge imposed a sentence of eleven months and twenty-nine days, with sixty days to be served in confinement, and the balance of the sentence to be served on supervised probation. The sole issue in this direct appeal is whether the trial court should have granted the Defendant full probation. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which DAVID G. HAYES and ROBERT W. WEDEMEYER, JJ., joined.

J. Thomas Caldwell, Ripley, Tennessee, for the appellant, Latisha Lee Morgan.

Paul G. Summers, Attorney General and Reporter; Jennifer Bledsoe, Assistant Attorney General; Elizabeth Rice, District Attorney General; and Tracey A. Brewer, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

We glean the following facts from the presentence report and the transcript of the sentencing hearing, because the transcript of the guilty plea acceptance hearing was not included in the record on appeal.[1] On September 15, 2002, the Defendant was braiding a little girl's hair in her cousin's house. She was using a box cutter to untangle the girl's hair. When she stepped outside to talk to the girl's mother, the victim, Sharon Hurdle, approached. Apparently there had been animosity between the Defendant and Ms. Hurdle for some time. The Defendant's aunt, Melissa Dixon, was standing in front of her, and Ms. Hurdle reached over the aunt to hit the Defendant. According to

---

[1]As this Court has noted, the absence of a transcript of the guilty plea proceeding may require us to presume that the sentence imposed by the trial court is supported by the evidence. See State v. Keen, 996 S.W.2d 842, 844 (Tenn. Crim. App. 1999).

the Defendant, she struck back at Ms. Hurdle, "not realizing that [she] had the box cutter in [her] hand." The Defendant cut the victim on her left hand, her head, her stomach, and the right side of her neck. The victim required treatment at the emergency room, where workers put stitches in her neck to stop the bleeding.

The Defendant pled guilty to assault, a Class A misdemeanor, see Tenn. Code Ann. § 39-13-101(b)(1), and the trial court sentenced the Defendant to eleven months and twenty-nine days in jail. The court determined that she qualified for partial probation, so it suspended all but sixty days of the sentence. The Defendant complains that she should have been granted full probation.

Upon a challenge to the sentence imposed, this court has a duty to conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. See Tenn. Code Ann. § 40-35-401(d). However, this presumption "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). If our review reflects that the trial court followed the statutory sentencing procedure, that the court imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and that the trial court's findings of fact are adequately supported by the record, then the presumption is applicable, and we may not modify the sentence even if we would have preferred a different result. See State v. Pike, 978 S.W.2d 904 app. at 926-27 (Tenn. 1998). We will uphold the sentence imposed by the trial court if (1) the sentence complies with the purposes and principles of the 1989 Sentencing Act, and (2) the trial court's findings are adequately supported by the record. See State v. Arnett, 49 S.W.3d 250, 257 (Tenn. 2001). The burden of showing that a sentence is improper is upon the appealing party. See Tenn. Code Ann. § 40-35-401 Sentencing Commission Comments; Arnett, 49 S.W.3d at 257.

Misdemeanor sentencing is controlled by Tennessee Code Annotated section 40-35-302, which provides in part that the trial court shall impose a specific sentence consistent with the purposes and principles of the 1989 Criminal Sentencing Reform Act. See Tenn. Code Ann. § 40-35-302(b). Misdemeanor sentencing is designed to provide the trial court with continuing jurisdiction and a great deal of flexibility. See State v. Troutman, 979 S.W.2d 271, 273 (Tenn. 1998); State v. Baker, 966 S.W.2d 429, 434 (Tenn. Crim. App. 1997). One convicted of a misdemeanor, unlike one convicted of a felony, is not entitled to a presumptive sentence. See State v. Creasy, 885 S.W.2d 829, 832 (Tenn. Crim. App. 1994).

In misdemeanor sentencing, a separate sentencing hearing is not mandatory, but the court is required to provide the parties with a reasonable opportunity to be heard as to the length and manner of service of the sentence. See Tenn. Code Ann. § 40-35-302(a). The trial court retains the authority to place the defendant on probation either immediately or after a time of periodic or continuous confinement. See id. § 40-35-302(e).

A defendant is eligible for probation if the actual sentence imposed upon the defendant is eight years or less and the offense for which the defendant is sentenced is not specifically excluded

by statute. See Tenn. Code Ann. § 40-35-303(a). The trial court shall automatically consider probation as a sentencing alternative for eligible defendants; however, the defendant bears the burden of proving his or her suitability for probation. See id. § 40-35-303(b). No criminal defendant is automatically entitled to probation as a matter of law. See id. § 40-35-303(b), Sentencing Commission Comments; State v. Davis, 940 S.W.2d 558, 559 (Tenn. 1997). Rather, the defendant must demonstrate that probation would serve the ends of justice and the best interests of both the public and the defendant. See State v. Souder, 105 S.W.3d 602, 607 (Tenn. Crim. App. 2002).

In determining whether to grant probation, the court must consider the nature and circumstances of the offense; the defendant's criminal record; his or her background and social history; his or her present condition, both physical and mental; the deterrent effect on the defendant; and the defendant's potential for rehabilitation or treatment. See id. If the court determines that a period of probation is appropriate, it shall sentence the defendant to a specific sentence but then suspend that sentence and place the defendant on supervised or unsupervised probation either immediately or after the service of a period of confinement. See Tenn. Code Ann. §§ 40-35-303(c), -306(a).

In this case, the presentence report reflects that, at the time of sentencing, the Defendant was twenty-one years old and single with no children. She graduated from high school, and was attending Volunteer Beauty Academy. She had no work history at the time of sentencing, and the only prior criminal history she had was a conviction for disorderly conduct. In the Defendant's account of what transpired between her and Ms. Hurdle, the Defendant explained that Ms. Hurdle had been harassing her for some time prior to the fight. When Ms. Hurdle hit her, she struck back in self-defense. She maintained that she did not know the box-cutter was in her hand, and she did not intend to harm Ms. Hurdle.

The trial court did not state on the record its reasons for denying the Defendant full probation. Our supreme court has held that, although the better practice is for a trial court to make findings on the record when fixing a percentage of a defendant's sentence to be served in confinement, such findings are not required. See Troutman, 979 S.W.2d at 274. A trial court should, however, consider the principles of sentencing and enhancement and mitigating factors when sentencing a misdemeanant. See id.

In determining whether a sentence involving confinement is appropriate, trial courts should look to Tennessee Code Annotated section 40-35-103(1), which sets forth the following considerations:

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant[.]

Although the Defendant pled guilty to misdemeanor assault in this case, the record reflects that she cut the victim four times with a razor blade, a deadly weapon. At sentencing the trial judge stated that he recalled "the testimony heard when the defendant entered a plea of guilty to the lesser included offense of the A misdemeanor of assault, having been charged with the C felony of aggravated assault."[2] The trial court obviously concluded that some confinement is necessary to avoid depreciating the seriousness of the offense.[3] We conclude that the trial judge acted within his discretionary authority in requiring the Defendant to serve sixty days in confinement.

The judgment of the trial court is affirmed.

_____
DAVID H. WELLES, JUDGE

---

[2]"[T]he trial court may look behind a plea agreement and consider the true nature of the offense committed." State v. Latoya Anderson, No. 02C01-9707-CR-00251, 1998 WL 599527, at *3 (Tenn. Crim. App., Jackson, Sept. 11, 1998) (citing State v. Hollingsworth, 647 S.W.2d 937, 939 (Tenn. 1983)); State v. Biggs, 769 S.W.2d 506, 507 (Tenn. Crim. App. 1988).

[3]In a subsequent order allowing a delayed reporting date to begin serving the sentence, the trial court noted its finding that the Defendant "shows no remorse and that confinement is necessary."